# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0005, <u>White Mountain Appraisals, Inc. v. Merchants Bank</u>, the court on September 21, 2015, issued the following order:**

Having considered the brief, memoranda of law, and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, White Mountain Appraisals, Inc., appeals the order of the Circuit Court (<u>Carroll</u>, J.) denying its motion for summary judgment and, after a hearing on the merits, its claims against the defendant, Merchants Bank, for breach of contract and defamation.

The plaintiff argues that the trial court erred in denying its summary judgment motion because "the [d]efendant refused to provide any requested discovery," including documents necessary to prove its case. "Any party seeking summary judgment shall accompany his motion with an affidavit based upon personal knowledge of admissible facts as to which it appears affirmatively that the affiants will be competent to testify." RSA 491:8-a, II (2010). When reviewing a trial court's summary judgment order, we consider the affidavits and other evidence, and inferences properly drawn from them, in the light most favorable to the non-moving party. <u>Sabinson v. Trustees of Dartmouth College</u>, 160 N.H. 452, 455 (2010). "If this review does not reveal any genuine issues of material fact, <u>i.e.</u>, facts that would affect the outcome of the litigation, and if the moving party is entitled to judgment as a matter of law, we will affirm" a trial court's grant of summary judgment. <u>Id</u>. "We review the trial court's application of the law to the facts <u>de novo</u>." <u>Id</u>.

In this case, the plaintiff failed to support its two-page summary judgment motion with an affidavit or other evidence showing that there was no genuine issue of material fact. The motion contained no legal argument to support the plaintiff's position that it was entitled to judgment as a matter of law. Accordingly, we find no error in the trial court's denial of the plaintiff's summary judgment motion. <u>See</u> <u>Sabinson</u>, 160 N.H. at 455.

The trial court appears to have construed the plaintiff's motion to include a motion to compel discovery. To the extent that the plaintiff argues that the trial court should have compelled the requested discovery, we note first that the plaintiff filed its claim as a small claim. The small claim process is designed to be a "simple, speedy, and informal procedure," <u>see</u> RSA 503:2

(2010), in which the rules of evidence do not apply, see RSA 503:7 (2010). When the plaintiff filed its claim, Circuit Court – District Division Rule 4.21 provided:  "Interrogatories and depositions shall not apply to small claims actions."  See Dist. Div. R. 4.21 (repealed effective July 1, 2015); cf. Dist. Div. R. 4.5 ("Formal discovery, such as interrogatories, depositions, requests to produce documents, requests for admissions and other forms of discovery are not permitted in small claims cases unless ordered at the pre-trial hearing.") (effective July 1, 2015).  The plaintiff argues that it was not seeking answers to interrogatories or depositions, and that Rule 4.21 allowed a party to seek the production of documents.  Nothing in Rule 4.21, or in any other small claim rule, expressly authorized parties to request the production of documents in small claims cases.  Accordingly, we conclude that the trial court did not err.

Even if the small claims rules had allowed the plaintiff to obtain documents from the defendant in discovery, however, we review a trial court's decision on the management of discovery and the admissibility of evidence under an unsustainable exercise of discretion standard.  See Figlioli v. R.J. Moreau Cos., 151 N.H. 618, 626 (2005).  To meet this standard, the plaintiff must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of its case.  Id.  Here, the plaintiff cannot meet this standard.

The plaintiff filed its small claim complaint against the defendant for refusing to pay for two appraisals it performed at the defendant's request.  The defendant asserted that the plaintiff's reports failed to comply with the applicable appraisal standards.  The plaintiff countered that the defendant rejected its reports only because the appraisals were too low, and that the defendant wanted to obtain higher appraisals from another appraiser.  To prove its claims, the plaintiff sent a letter to the defendant prior to the hearing requesting the production of all appraisals conducted on the subject properties, copies of the associated credit, loan, and collateral files, and all correspondence and e-mails to or from the defendant's appraisal program manager during a one-year period.  The defendant, through counsel, notified the plaintiff that it declined to produce the requested documents on the ground that parties are not entitled to discovery in small claims cases.

After the hearing on the merits, the trial court found that the plaintiff "was unfamiliar with the new laws regulating banks and the appraisal process."  The court found that "the only credible evidence presented came from the bank appraisal reviewer that the [p]laintiff's appraisal reports failed to meet the required standard."  The court concluded that the plaintiff failed to prove its breach of contract claim because its appraisal reports failed to comply with the terms of the parties' contract.  Without a transcript of the hearing on the merits, we must assume that the evidence was sufficient to support the trial court's decision.  See Atwood v. Owens, 142 N.H. 396, 396 (1997).  Given the trial court's finding that the plaintiff's reports were defective, the

documents that the plaintiff sought in discovery to prove that the defendant was "appraisal shopping" would not have assisted the plaintiff in proving its claim.  Accordingly, we conclude that the plaintiff has failed to demonstrate that the court's decision not to compel the production of the requested documents was clearly untenable or unreasonable to the prejudice of its case. See Figlioli, 151 N.H. at 626.

Prior to the hearing, the plaintiff moved to amend its complaint to include a defamation claim.  The plaintiff alleged that the defendant filed a complaint against it with the agency in Vermont that regulates appraisers.  The plaintiff further alleged that this complaint resulted in an increase in its errors and omissions insurance premium.  The trial court granted the motion to amend but concluded that the plaintiff failed to prove its claim because it presented no witness from the insurance company.  In so ruling, the court noted that in an unrelated matter, the plaintiff had settled an administrative case with the New Hampshire Real Estate Appraiser Board in which the plaintiff was found responsible for violating state statutes relating to misleading information in an appraisal report.  The court found that it would be "pure speculation" to assess damages against the defendant in this case for allegedly filing a report in Vermont because the "insurance carrier had access to the information before the [New Hampshire] Real Estate Appraisers Board and there was no witness presented to testify as to what role either case played in the raising of his rates."  On this basis, the trial court rejected the plaintiff's defamation claim.  Given the trial court's findings, which we must assume were supported by the evidence, see Atwood, 142 N.H. at 396, we conclude that the plaintiff has failed to demonstrate that the court's decision not to compel the production of the requested documents was clearly untenable or unreasonable to the prejudice of its defamation claim.  See Figlioli, 151 N.H. at 626.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, and Lynn, JJ., concurred.

**Eileen Fox,
Clerk**

3